# EXHIBIT A

 Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**     Jessica Haefele
LINDT & SPRUNGLI (NORTH AMERICA), INC.
4717 GRAND AVE STE 700
KANSAS CITY, MO 64112-2209

**RE:**     **Process Served in Pennsylvania**

**FOR:**    Lindt & Sprungli (USA) Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LISA GITLIN // To: Lindt & Sprungli (USA) Inc. |
| **CASE #:** | 230303221 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Harrisburg, PA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 04/03/2023 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Timo Leis  tleis@lindt.com |
| | Email Notification,  Jessica Haefele  jhaefele@lindt.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 600 N. 2nd Street, Suite 401 |
| | Harrisburg, PA 17101 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGH
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7015 1520 0000 9408 5980



NEOPOST
03/29/2023
US POSTAGE $010.20⁰

FIRST CLASS MAIL



ZIP 19103
041M10284370

ANSA | ASSUNCAO LLP
1255 Drummers Lane, Suite 300, Wayne, PA 19087

**TO:**

LINDT & SPRÜNGLI NORTH AMERICA
INC.
c/o CT Corporation System
600 N 2nd St. # 401
Harrisburg, PA 19102

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2023**          **003221**

E-Filing Number: 2303066291

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>LISA GITLIN | **DEFENDANT'S NAME**<br>RUSSELL STOVER CHOCOLATES, LLC |
| **PLAINTIFF'S ADDRESS**<br>4427 ELMWOOD DR.<br>NAZARETH PA 18064 | **DEFENDANT'S ADDRESS**<br>120 WILDERNESS TRAIL<br>HAMBURG PA 19526 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>RUSSELL STOVER CHOCOLATES, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEM 600 N. 2ND ST. #401<br>HARRISBURG PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>LINDT & SPRUNGLI (USA), INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>C/O CT CORPORATION SYSTEM 1515 MARKET ST.,<br>SUITE 1210<br>PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>MAR **29** 2023<br><br>**G. IMPERATO** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>       YES              NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LISA GITLIN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>RYAN R. CORKERY | ADDRESS<br>ANSA ASSUNCAO, LLP.<br>1255 DRUMMERS LANE<br>SUITE 300 |
|---|---|
| PHONE NUMBER<br>(267)528-0733 | FAX NUMBER<br>(267)528-0726 | |
| SUPREME COURT IDENTIFICATION NO.<br>200570 | E-MAIL ADDRESS<br>ryan.corkery@ansalaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>RYAN CORKERY | DATE SUBMITTED<br>Wednesday, March 29, 2023, 12:10 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. RUSSELL STOVER CHOCOLATES, LLC
   120 WILDERNESS TRAIL
   HAMBURG PA 19526
2. RUSSELL STOVER CHOCOLATES, LLC
   C/O CT CORPORATION SYSTEM 600 N. 2ND ST. #401
   HARRISBURG PA 19102
3. LINDT & SPRUNGLI (USA), INC.
   C/O CT CORPORATION SYSTEM 1515 MARKET ST., SUITE 1210
   PHILADELPHIA PA 19102
4. LINDT & SPRUNGLI NORTH AMERICA, INC.
   C/O CT CORPORATION SYSTEM 600 N. 2ND ST. #401
   HARRISBURG PA 19102
5. JOHN DOE
   UNKNOWN ADDRESS
   UNKNOWN CITY PA 11111

**ANSA ASSUNCAO, LLP**
By: Ryan R. Corkery, Esq. (ID #200570)
    John Evans, Esq. (ID #61899)
    Jake Glancy, Esq. (ID # 332100)
1255 Drummers Lane, Suite 300
Wayne PA, 19087
(267) 528-0750
ryan.corkery@ansalaw.com
john.evans@ansalaw.com
jake.glancy@ansalaw.com
*Attorneys for Plaintiff Lisa Gitlin*


Filed and Attested by the
Office of Judicial Records
29 MAR 2023 12:10 pm
E. IMPERATO

| | |
|---|---|
| LISA GITLIN<br>4427 Elmwood Dr.<br>Nazareth PA, 18064<br><br>          Plaintiff,<br><br>          v.<br><br>RUSSELL STOVER CHOCOLATES, LLC<br>120 Wilderness Trail<br>Hamburg, PA 19526<br><br>And<br><br>RUSSELL STOVER CHOCOLATES, LLC<br>c/o CT Corporation System<br>600 N 2nd St. # 401<br>Harrisburg, PA 19102<br><br>And<br><br>LINDT & SPRUNGLI (USA) INC.<br>c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102<br><br>And<br><br>LINDT & SPRUNGLI NORTH AMERICA<br>INC.<br>c/o CT Corporation System<br>600 N 2nd St. # 401<br>Harrisburg, PA 19102<br><br>And | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |

John Doe,

                Defendants.

## NOTICE TO DEFEND

|  |  |
|---|---|
| **NOTICE** | **AVISO** |

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, PA 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

**ANSA ASSUNCAO, LLP**
By: Ryan R. Corkery, Esq. (ID #200570)
    John Evans, Esq. (ID #61899)
    Jake Glancy, Esq. (ID # 332100)
1255 Drummers Lane, Suite 300
Wayne PA, 19087
(267) 528-0750
ryan.corkery@ansalaw.com
john.evans@ansalaw.com
jake.glancy@ansalaw.com
*Attorneys for Plaintiff Lisa Gitlin*

| | |
|---|---|
| LISA GITLIN<br>4427 Elmwood Dr.<br>Nazareth PA, 18064<br><br>                   Plaintiff,<br><br>           v.<br><br>RUSSELL STOVER CHOCOLATES, LLC<br>120 Wilderness Trail<br>Hamburg, PA 19526<br><br>And<br><br>RUSSELL STOVER CHOCOLATES, LLC<br>c/o CT Corporation System<br>600 N 2nd St. # 401<br>Harrisburg, PA 19102<br><br>And<br><br>LINDT & SPRUNGLI (USA) INC.<br>c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102<br><br>And | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |

LINDT & SPRUNGLI NORTH AMERICA
INC.
c/o CT Corporation System
600 N 2nd St. # 401
Harrisburg, PA 19102

And

John Doe,

                Defendants.

## COMPLAINT

**AND NOW**, comes the Plaintiff, Lisa Gitlin, an individual, by and through her attorneys, Ansa Assuncao LLP, and files the within Complaint, and in support thereof avers as follows:

1.      The Plaintiff, Lisa Gitlin, (hereinafter referred to as "Plaintiff") is an adult individual citizen and resident of the Commonwealth of Pennsylvania who resides at 4427 Elmwood Drive, Nazareth, Pennsylvania 18064.

2.      Defendant, Russell Stover Chocolates, LLC is a corporation registered to do business in the Commonwealth of Pennsylvania, is located at 120 Wilderness Trail, Hamburg, Pennsylvania 19526, and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the City of Philadelphia.

3. Defendant Russell Stover Chocolates, LLC is a corporation registered under the laws of the State of Missouri with a registered agent fro service of process of: CT Corporation System, 600 North 2nd Street, #401, Harrisburg, PA 17010 and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the Commonwealth of Pennsylvania and in the City of Philadelphia.

4.      Defendant, Lindt & Sprungli (USA) Inc. is a foreign corporation with an address for service of process of: c/o CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia PA 19102 and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the Commonwealth of Pennsylvania and in the City of Philadelphia.

5.      Defendant, Lindt & Sprungli North America Inc. is a foreign corporation with an address for service of process of: c/o CT Corporation System, 600 North 2nd Street, #401, Harrisburg, PA 17010 and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the Commonwealth of Pennsylvania and in the City of Philadelphia.

6.      Defendant, Russell Stover Chocolates, LLC is a fully owned subsidiary of defendants Lindt & Sprungli (USA) Inc. and Defendant, Lindt & Sprungli North America Inc.

7.      A reasonable and diligent search was conducted to determine the actual name/identity of John Doe.

8.      Pursuant to Pennsylvania Rule of Civil Procedure 2005, John Doe is currently an unidentified, fictious defendant designated as Doe in this action where the actual name and identity is unknown despite a reasonable and diligent search.

9.      Plaintiff reserves the right to amend this complaint and name of said unknown individual and or entity as defendants pursuant to Pennsylvania Rule of Civil Procedure 2005 and 1033.

10.     At all relevant times John Doe carried on substantial business activities within the Commonwealth of Pennsylvania and the City of Philadelphia.

11.     John does is an unknown entity or individual employee, agent, workman, or staff , who owned the premises located at 120 Wilderness Trail, Hamburg, Pennsylvania 19526, and is

responsible for managing, maintaining, inspecting, or overseeing the property at 120 Wilderness Trail, Hamburg, Pennsylvania 19526 at the times referenced herein who Plaintiff could not identify after a reasonable search.

12.     On or about January 25, 2022, at approximately 2:30 pm, Plaintiff, while a business invitee properly and lawfully walking inside the Russell Stover Chocolates, LLC's store located at 120 Wilderness Trial, Hamburg, Pennsylvania, 19526 (from herein referred to as "Premises"), was made to slip and fall in a clear puddle of hand sanitizer that accumulated approximately three isles inside from the main entrance.

13.     On or about the same date and time, the subject clear puddle of hand sanitizer was caused by a hand sanitizer dispenser stand that did not contain a drip tray which allowed hand sanitizer to dangerously accumulate into a clear puddle in a heavy customer traffic area.

14.     At all times referenced herein and material hereto, Defendants Russell Stover Chocolates, LLC, 120 Wilderness Trail, Hamburg, Pennsylvania 19526, Russel Stover Chocolates, LLC, CT Corporation System, 600 North 2nd Street, #401, Harrisburg, PA 17010, Lindt & Sprungli (USA) Inc., Lindt & Sprungli North America, Inc., and John Doe (from herein referred to as "Defendants") acted and or failed to act through their agents, servants, workmen, and or employees who were then and there acting within the course and scope of their authority in the course of their relationship with Defendants and in the furtherance of Defendants' pecuniary interests.

15.     Defendants were vicariously or otherwise responsible for the negligent and tortious acts or omissions of its agents, servants, workmen, and or employees.

16.     Defendants maintained certain responsibilities and obligations for the Premises including responsibilities for the safe maintenance and upkeep of the Premises, including but not limited to ensuring all hand sanitizer dispensers were equipped with drip trays, monitoring the

Premises' floors, cleaning clear puddles of hand sanitizer from the floor, and or warning a clear puddle does or may exist by a hand sanitizer dispenser that is not equipped with a drip tray.

17.     Defendants maintained certain responsibilities and obligations for the Premises including responsibilities for the isles and customer walkways inside the store in such a manner to avoid the dangerous accumulation of hand sanitizer into a clear puddle, that cannot reasonably be observed by customers using reasonable care, which would constitute a slip hazard and or dangerous condition.

18.     At all times referenced herein and material hereto, Defendants knew or should have known that there existed a clear puddle of hand sanitizer, brought about by the regular use of a hand sanitizer dispenser that was not equipped with a dripping tray, inside the store in an area that is heavily traveled by customers, and constituted a slip hazard which was exceptionally dangerous and created a tripping hazard for a significant period of time before Plaintiff's accident.

19.     Defendants, by and through their separate and respective agents, employees, servants, and or workers, acting in the course of their employment and scope of their authority, were careless and negligent in:

    a.  Failing to provide a safe place on which to walk;

    b.  Failing to properly and adequately remove slip hazards from the Premises;

    c.  Allowing the Premises to be maintained in such a way as to allow the accumulation of hand sanitizer into a clear and dangerous puddle that constituted a dangerous condition and could not be observed by a person using reasonable care;

    d.  Failing to inspect and maintain the isles and customer walkways located inside the Premises;

e.  Failing to take measures and or used inadequate measures to rectify slip hazards on the Premises;

f.  Failing to cordon off the area where the slip hazard was located;

g.  Failing to inspect and maintain the isles and customer walkways on the Premises in a safe condition;

h.  Failing to inspect the Premises to detect conditions that were susceptible to hazards and tripping hazards;

i.   Failing to properly maintain and inspect the Premises;

j.  Failing to warn all persons, including Plaintiff, as to the existence of the dangerous slip hazard;

k.  Failing to maintain the isles and customer walkways free from unreasonable hazards and unseen dangerous conditions;

l.  Allowing the accumulation of hand sanitizer into a clear and dangerous puddle that constituted a dangerous condition and could not be observed by a person using reasonable care for a significant period of time in which Defendants knew or should have known of its existence and failing to rectify the same;

m. Knowing of the existence of the accumulation of hand sanitizer into a clear and dangerous puddle that could not be observed by a person using reasonable care that created a slip hazard on the Premises and failing to rectify the same;

n.  Failing to learn of the existence of the accumulation of hand sanitizer into a clear and dangerous puddle that could not be observed by a person using reasonable care on the Premises despite having seen situated thereupon for a significant period of time prior to Plaintiff's accident and failing to rectify the same;

o. Failing to establish reasonable policies, procedures, and or protocols pertaining to proper implementation of hand sanitizer stands which are equipped with drip trays and inspecting the area around hand sanitizer dispensers that are not equipped with drip trays;

p. Disregarding the rights and safety of persons such as Plaintiff who would foreseeably traverse the isle and customer walkway on the Premises as described above;

q. Failing to cordon off the area;

r. Using a hand sanitizer dispenser that was not equipped with a drip tray;

s. Failing to take proper precautions and measures so that persons such as Plaintiff would not be injured while walking inside the Premises;

t. Failing to observe and abide by the statutes of the Commonwealth of Pennsylvania and or local ordinances regarding inspection, maintenance, and control of the Premises as set forth in the Property Maintenance Codes; and

20. As a direct result of Defendants' carelessness and negligence, by and through their respective agents, employees, servants, and or workmen, Plaintiff was caused to sustain serious, disabling, and permanent personal injuries which include but are not limited to:

a. Left shoulder surgery which included extensive debridement;

b. Life threatening post-operation complications which included the formation of blood clots in her right arm;

c. A left wrist injury;

d. A left elbow injury greatly decreasing her arm's range of motion;

e. Incredible pain, suffering, and trauma;

   f. Sleep deprivation;

   g. Migraines;

   h. Emotional turmoil, anxiety, and psychological trauma;

   i. Severe shock to her nerves and nervous system;

   j. Embarrassment and humiliation; and

   k. Loss of life's pleasures.

21. As a direct result of Defendants' carelessness and negligence, Plaintiff has endured and will continue to endure great pain, suffering, inconvenience, mental anguish and emotional and psychological distress and trauma.

22. As a direct result of Defendants' carelessness and negligence, Plaintiff has, and may be required in the future, to expend sums of money for medical treatment and care, medical supplies, medicines, and other attendant services.

23. As a direct result of Defendants' carelessness and negligence, Plaintiff has lost business opportunities and suffers from disabilities which may permanently reduce her ability to make a living in her relevant area of training, skill, and expertise.

24. As a direct result of Defendants' carelessness and negligence, Plaintiff has sustained and makes a claim for pain and suffering, loss of physical function in her left shoulder, physical, mental, and psychological injuries, humiliation and embarrassment, loss of life's pleasures, and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Lis Gitlin, seeks judgment in Plaintiff's favor against Defendant for damages in an amount in excess of $50,000.00.

ANSA ASSUNCAO LLP

Date: __March 29, 2023_____

RYAN R. CORKERY, ESQUIRE

**PLAINTIFF'S INTERROGATORIES AND DOCUMENT REQUESTS ARE ATTACHED
AND SERVED WITH THIS COMPLAINT.**

Case ID: 230303221

# <u>VERIFICATION</u>

The undersigned states that she is the plaintiff herein and verifies that the statements made in the foregoing <u>Complaint-Civil Action</u> are true and correct to the best of her knowledge, information, and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Date: ___3/29/23___

_Lisa Gitlin_
Lisa Gitlin