IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA GITLIN<br>4427 Elmwood Dr.<br>Nazareth PA, 18064<br><br>              Plaintiff,<br><br>          v.<br><br>RUSSELL STOVER CHOCOLATS, LLC<br>120 Wilderness Trail<br>Hamburg, PA 19526<br><br>And<br><br>RUSSELL STOVER CHOCOLATS, LLC<br>4900 Oak St.<br>Kansas City, MO 64112<br><br>And<br><br>LINDT & SPRUNGLI (USA) INC.<br>c/o CT Corporation System<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102<br><br>And<br><br>LINDT & SPRUNGLI NORTH AMERICA INC.<br>c/o CT Corporation System<br>600 N 2nd St. # 401<br>Harrisburg, PA 19102<br><br>And<br><br>John Doe,<br><br>              Defendants. | CIVIL ACTION LAW<br><br>NO. 5:23-cv-01672-EGS |

**<u>AMENDED COMPLAINT</u>**

1

**AND NOW**, comes the Plaintiff, Lisa Gitlin, an individual, by and through her attorneys, Ansa Assuncao LLP, and files the within Amended Complaint, and in support thereof avers as follows:

### I. **PARTIES**

1. The Plaintiff, Lisa Gitlin, (hereinafter referred to as "Plaintiff") is an adult individual citizen and resident of the Commonwealth of Pennsylvania who resides at 4427 Elmwood Drive, Nazareth, Pennsylvania 18064.

2. Defendant, Russell Stover Chocolates, LLC is a corporation registered to do business in the Commonwealth of Pennsylvania, is located at 120 Wilderness Trail, Hamburg, Pennsylvania 19526, and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the City of Philadelphia.

3. Defendant Russell Stover Chocolates, LLC is a corporation registered under the laws of the State of Missouri with its principal place of business located at 4900 Oak Street, Kansas City, Missouri 64112, is registered to conduct business in the Commonwealth of Pennsylvania and, as defined under Pa. R. Civ. Pro. 2176, regularly and purposefully engages in business activities in the Commonwealth of Pennsylvania and in the City of Philadelphia.

4. Defendant, Lindt & Sprungli (USA) Inc. is a foreign corporation with an address for service of process of: c/o CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia PA 19102.

5. Defendant, Lindt & Sprungli North America Inc. is a foreign corporation with an address for service of process of: c/o CT Corporation System, 600 North 2nd Street, #401, Harrisburg, PA 17010.

6. Defendant, Russell Stover Chocolats, LLC is a fully owned subsidiary of defendants Lindt & Sprungli (USA) Inc. and Defendant, Lindt & Sprungli North America Inc.

7. A reasonable and diligent search was conducted to determine the actual name/identity of John Doe.

8. Pursuant to Pennsylvania Rule of Civil Procedure 2005, John Doe is currently an unidentified, fictious defendant designated as Doe in this action where the actual name and identity is unknown despite a reasonable and diligent search.

9. Plaintiff reserves the right to amend this complaint and name of said unknown individual and or entity as defendants pursuant to Pennsylvania Rule of Civil Procedure 2005 and 1033.

10. At all relevant times John Doe carried on substantial business activities within the Commonwealth of Pennsylvania and the City of Philadelphia.

11. John does is an unknown entity or individual employee, agent, workman, or staff, who owned the premises located at 120 Wilderness Trail, Hamburg, Pennsylvania 19526, and is responsible for managing, maintaining, inspecting, or overseeing the property at 120 Wilderness Trail, Hamburg, Pennsylvania 19526 at the times referenced herein who Plaintiff could not identify after a reasonable search.

II. **JURISDICTION AND VENUE**

12. Both jurisdiction and venue in the City of Philadelphia, where this action was originally filed, are proper under 42 Pa. C.S.A. §§5301 et seq., P Pa. R. Civ. P. 1006 (c)(1) and Pa. R. Civ. P. 2179.

13. On May 3, 2023 Defendants filed Notice of Removal transferring this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to the Court's diversity jurisdiction under 28 U.S.C. §§ 1446 (b).

14. Plaintiff files this timely Amended Complaint under Fed. R. Civ. P. 15.

### III. FACTS

15. On or about January 25, 2022, at approximately 2:30 pm, Plaintiff, while a business invitee properly and lawfully walking inside the Russell Stover Chocolate, LLC's store located at 120 Wilderness Trial, Hamburg, Pennsylvania, 19526 (from herein referred to as "Premises"), was made to slip and fall in a clear puddle of hand sanitizer that accumulated approximately three isles inside from the main entrance.

16. On or about the same date and time, the subject clear puddle of hand sanitizer was caused by a hand sanitizer dispenser stand that did not contain a drip tray which allowed hand sanitizer to dangerously accumulate into a clear puddle in a heavy customer traffic area.

17. At all times referenced herein and material hereto, Defendants Russell Stover Chocolates, LLC, 120 Wilderness Trail, Hamburg, Pennsylvania 19526, Russel Stover Chocolates, LLC, 4900 Oak Street, Kansas City, Missouri 64112, Lindt & Sprungli (USA) Inc., Lindt & Sprungli North America, Inc., and John Doe (from herein referred to as "Defendants") acted and or failed to act through their agents, servants, workmen, and or employees who were then and there acting within the course and scope of their authority in the course of their relationship with Defendants and in the furtherance of Defendants' pecuniary interests.

18. Defendants were vicariously or otherwise responsible for the negligent and tortious acts or omissions of its agents, servants, workmen, and or employees.

19. Defendants maintained certain responsibilities and obligations for the Premises including responsibilities for the safe maintenance and upkeep of the Premises, including but not limited to ensuring all hand sanitizer dispensers were equipped with drip trays, monitoring the Premises' floors, cleaning clear puddles of hand sanitizer from the floor, and or warning a clear puddle does or may exist by a hand sanitizer dispenser that is not equipped with a drip tray.

20. Defendants maintained certain responsibilities and obligations for the Premises including responsibilities for the isles and customer walkways inside the store in such a manner to avoid the dangerous accumulation of hand sanitizer into a clear puddle, that cannot reasonably be observed by customers using reasonable care, which would constitute a slip hazard and or dangerous condition.

21. At all times referenced herein and material hereto, Defendants knew or should have known that there existed a clear puddle of hand sanitizer, brought about by the regular use of a hand sanitizer dispenser that was not equipped with a dripping tray, inside the store in an area that is heavily traveled by customers, and constituted a slip hazard which was exceptionally dangerous and created a tripping hazard for a significant period of time before Plaintiff's accident.

## **COUNT I – NEGLIGENCE ALL DEFENDANTS**

22. Plaintiff incorporates by reference all preceding paragraphs of this complaint as if fully set forth hereinafter.

23. Defendants, by and through their separate and respective agents, employees, servants, and or workers, acting in the course of their employment and scope of their authority, were careless and negligent in:

   a. Failing to provide a safe place on which to walk;

   b. Failing to properly and adequately remove slip hazards from the Premises;

c. Allowing the Premises to be maintained in such a way as to allow the accumulation of hand sanitizer into a clear and dangerous puddle that constituted a dangerous condition and could not be observed by a person using reasonable care;

d. Failing to inspect and maintain the isles and customer walkways located inside the Premises;

e. Failing to take measures and or used inadequate measures to rectify slip hazards on the Premises;

f. Failing to cordon off the area where the slip hazard was located;

g. Failing to inspect and maintain the isles and customer walkways on the Premises in a safe condition;

h. Failing to inspect the Premises to detect conditions that were susceptible to hazards and tripping hazards;

i. Failing to properly maintain and inspect the Premises;

j. Failing to warn all persons, including Plaintiff, as to the existence of the dangerous slip hazard;

k. Failing to maintain the isles and customer walkways free from unreasonable hazards and unseen dangerous conditions;

l. Allowing the accumulation of hand sanitizer into a clear and dangerous puddle that constituted a dangerous condition and could not be observed by a person using reasonable care for a significant period of time in which Defendants knew or should have known of its existence and failing to rectify the same;

m. Knowing of the existence of the accumulation of hand sanitizer into a clear and dangerous puddle that could not be observed by a person using reasonable care that created a slip hazard on the Premises and failing to rectify the same;

n. Failing to learn of the existence of the accumulation of hand sanitizer into a clear and dangerous puddle that could not be observed by a person using reasonable care on the Premises despite having seen situated thereupon for a significant period of time prior to Plaintiff's accident and failing to rectify the same;

o. Failing to establish reasonable policies, procedures, and or protocols pertaining to proper implementation of hand sanitizer stands which are equipped with drip trays and inspecting the area around hand sanitizer dispensers that are not equipped with drip trays;

p. Disregarding the rights and safety of persons such as Plaintiff who would foreseeably traverse the isle and customer walkway on the Premises as described above;

q. Failing to cordon off the area;

r. Using a hand sanitizer dispenser that was not equipped with a drip tray;

s. Failing to take proper precautions and measures so that persons such as Plaintiff would not be injured while walking inside the Premises;

t. Failing to observe and abide by the statutes of the Commonwealth of Pennsylvania and or local ordinances regarding inspection, maintenance, and control of the Premises as set forth in the Property Maintenance Codes; and

24. As a direct result of Defendants' carelessness and negligence, by and through their respective agents, employees, servants, and or workmen, Plaintiff was caused to sustain serious, disabling, and permanent personal injuries which include but are not limited to:

   a. Left shoulder surgery which included extensive debridement;
   b. Life threatening post-operation complications which included the formation of blood clots in her right arm;
   c. A left wrist injury;
   d. A left elbow injury greatly decreasing her arm's range of motion;
   e. Incredible pain, suffering, and trauma;
   f. Sleep deprivation;
   g. Migraines;
   h. Emotional turmoil, anxiety, and psychological trauma;
   i. Severe shock to her nerves and nervous system;
   j. Embarrassment and humiliation; and
   k. Loss of life's pleasures.

25. As a direct result of Defendants' carelessness and negligence, Plaintiff has endured and will continue to endure great pain, suffering, inconvenience, mental anguish and emotional and psychological distress and trauma.

26. As a direct result of Defendants' carelessness and negligence, Plaintiff has, and may be required in the future, to expend sums of money for medical treatment and care, medical supplies, medicines, and other attendant services.

27. As a direct result of Defendants' carelessness and negligence, Plaintiff has lost business opportunities and suffers from disabilities which may permanently reduce her ability to make a living in her relevant area of training, skill, and expertise.

28. As a direct result of Defendants' carelessness and negligence, Plaintiff has sustained and makes a claim for pain and suffering, loss of physical function in her left shoulder, physical, mental, and psychological injuries, humiliation and embarrassment, loss of life's pleasures, and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Lisa Gitlin, seeks judgment in Plaintiff's favor against Defendant for damages in an amount in excess of $50,000.00.

ANSA ASSUNCAO LLP

*/s/ Ryan Corkery*

Date: 05/04/2023

RYAN R. CORKERY, ESQUIRE
Attorney ID No. 200570
JOHN EVANS, ESQUIRE
Attorney ID No. 61899
JAKE GLANCY, ESQUIRE
Attorney ID No. 332100
**ANSA ASSUNCAO LLP**
1255 Drummers Lane, Suite 300
Wayne, PA 19087
Ph. (267) 528-0750
*Attorneys for Plaintiff*

## **VERIFICATION**

I, *Ryan R. Corkery*, as Counsel of Record hereby verify that the attached Amended Complaint is based on true facts and are correct to the best of my knowledge, information, and belief. I understand that false statements are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date:  05/04/2023

*Ryan Corkery*

Ryan R. Corkery, Esq.

## **CERTIFICATE OF SERVICE**

I, *Ryan Corkery,* hereby certify that on May 4, 2023, I served a true and correct copy of the *Amended Complaint* to the following counsel for Defendants via the Court's notification system:

William J. Ricci, Esq.
Ricci Tyrrell Johnson & Grey
1515 Market Street
Suite 1800
Philadelphia PA 19102
bricci@rtjglaw.com

*Counsel for Defendants Russell Stover Chocolates, LLC,
Lindt & Sprungli (USA), Inc., and Lindt & Sprungli (North America), Inc.*

ANSA ASSUNCAO LLP

*/s/ Ryan Corkery*

RYAN R. CORKERY, ESQUIRE
*Attorney for Plaintiff*